# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS BURGOS MELENDEZ, | : | |
| Petitioner, | : | |
| | : | No. 1:17-cv-01769 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN SPAULDING, | : | |
| Respondent | : | |

## MEMORANDUM

I.    **BACKGROUND**

Carlos Burgos Melendez, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he named the warden of that facility as the Respondent. (Doc. No. 1.) Having neither paid the $5.00 filing fee nor having filed an application to proceed in forma pauperis, a 30-Day Administrative Order was issued on October 3, 2017. (Doc. No. 3.) On November 15, 2017, the Court issued an Order dismissing this action without prejudice because more than thirty (30) days elapsed and the Court was not in receipt of either the filing fee or the application to proceed in forma pauperis. (Doc. No. 6.)

However, on that same day, the record reflects that Petitioner's $5.00 was received. On December 5, 2017, Petitioner filed a letter stating that he had paid the $5.00 fee, and asked that the Court re-open this matter. (Doc. No. 7.) Petitioner also attached an application to proceed in forma pauperis to his letter.

(Id.)  Given the timing of the above events, the Court will engage in a preliminary review of the petition.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.[1]

Rule 4 provides, in pertinent part, that: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Gorko v. Holt, Civ. No. 4-05956, 2005 WL 1138479, at *1 (M.D. Pa. May 13, 2005) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).

On July 7, 2015, Petitioner, by waiver of indictment, pled guilty, pursuant to a plea agreement, to a felony information charge of one count of conspiracy to distribute and possess with intent to distribute cocaine, 21 U.S.C. § 846.  See United States v. Melendez, No. 24-cr-266-04, 2017 WL 131700, at *1 (M.D. Pa. Jan 13, 2017).  He was sentenced to 144 months' imprisonment on October 22, 2015.  Id.

On July 25, 2016, Petitioner filed a 28 U.S.C. § 2255 motion, claiming that he received ineffective assistance of trial counsel.  Id.  On January 13, 2017, the

---

[1] The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b) of the Rules Governing § 2254 Cases.

District Court denied his motion. Id. On September 7, 2017, the Third Circuit dismissed Petitioner's appeal for lack of appellate jurisdiction. See United States v. Melendez, C.A. No. 17-2282 (3d Cir. Sept. 7, 2017). Petitioner subsequently filed the instant petition pursuant to 28 U.S.C. § 2241 on September 29, 2017. (Doc. No. 1.) Referencing Mathis v. United States, __ U.S. __, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), Hinkle v. United States, 832 F.3d 569 (5th Cir. 2016), Okereke v. United States, 417 U.S. 333 (3d Cir. 2002), and In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), he asserts that his sentence should be reduced. (Doc. No. 1.)

## II. DISCUSSION

When challenging the validity of a federal conviction or sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. See Dorsainvil, 119 F.3d at 249; Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) ("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence."). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This "safety-valve" clause is to be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 F. App'x at 47 (the safety valve "is extremely narrow and has been held to apply in

unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law.").

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002). Rather, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538. Moreover, the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Dusenbery v. Oddo, Civ. No. 17-2402, 2018 WL 372164, at *3 (M.D. Pa. Jan. 11, 2018) (citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Id.

Petitioner's instant claim is not based upon a contention that the conduct which led to his sentence is no longer criminal as a result in some change in the law. Rather, Petitioner's action challenges the sentencing court's method of calculating the sentence imposed. Petitioner offers no evidence that the United States Supreme Court or the Third Circuit has held that Mathis announced a new rule of law retroactively applicable to cases on collateral review. See Jackson v.

Kirby, Civ. No. , 2017 WL 3908868, at *1, n.1 (D.N.J. Sept. 6, 2017) (noting that neither the Supreme Court nor the Third Circuit Court of Appeals has decided whether Mathis is retroactively applicable on collateral review). Moreover, the Third Circuit has not extended the limited Dorsainvil exception to include situations where a prisoner is challenging a sentence based on an intervening change in substantive law. Okereke, 307 F. 3d at 120 (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi v. New Jersey, 530 U.S. 466 (2000)); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws," citing Okereke, 307 F.3d 117).

"The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." Oddo, 2018 WL 372164, at *4. Accordingly, because there is no basis for a determination that § 2255 is inadequate or ineffective, Petitioner's § 2241 petition will be dismissed for lack of jurisdiction. An appropriate order follows.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: January 24, 2018